IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CORINTHIA SCOTT,<br><br>    Plaintiff,<br><br>       v.<br><br>WAL-MART STORES INC., et al.,<br><br>    Defendants. | Civil No. 13-cv-6220 (RMB/AMD)<br><br>MEMORANDUM ORDER |

This matter comes before the Court upon its own motion. On October 18, 2013, Defendant Wal-Mart Stores, Inc. (the "Defendant") removed this action to this Court, relying upon diversity of citizenship to establish federal subject-matter jurisdiction. According to the underlying three paragraph complaint, Plaintiff Corinthia Scott visited Defendant's Burlington, New Jersey store on April 14, 2012. (Compl. ¶¶ 1). She alleges that the "premises were so negligently owned, controlled, supervised, operated, managed, inspected, repaired and maintained by Defendants that [she] was injured." (Compl. ¶ 1). Plaintiff claims to have suffered vague and unspecified injuries, including that she "sustained severe external and internal injuries, suffered great pain and was prevented from attending to her business and incurred expenses for medical, hospital and nursing care." (Compl. ¶ 2.)

1

The Notice of Removal alleges that the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332, because Plaintiff has alleged "severe external and internal injuries which prevented her from attending to her business" (Ntc. Rmvl. ¶ 17). Defendant seeks to further support removal by stating that Plaintiff's counsel has not entered into a stipulation of damages of less than $75,000. (Ntc. Rmvl. ¶¶ 13-15). Defendant also requested a Statement of Damages pursuant to N.J. Ct. R. 4:5-2, but Plaintiff did not respond. (Ntc. Rmvl. ¶ 12). These facts, Defendant contends "remove[] any tenuous inferences or assumptions whether there is a good faith basis to believe that the amount in controversy exceeds $75,000." (Ntc. Rmvl. ¶ 17).

As an initial matter, the Court notes that it has repeatedly held that a plaintiff's refusal to enter into a stipulation limiting its recovery is not sufficient to sustain an allegation of $75,000 in controversy. See, e.g., Martin v. Wal-Mart Stores, Inc., 709 F. Supp. 2d 345, 350 (D.N.J. April 30, 2010) ("One may not reasonably infer from Plaintiff's 'refusal' to stipulate to a limitation on her claims that the claims are reasonably likely to exceed $75,000."); Inferrera v. Wal-Mart Stores, Inc., Civ. Action No. 11-1331 (D.N.J. March 11, 2011); Hober v. Wal-Mart Stores, Inc., 11-187 (D.N.J. Jan. 13, 2011).

Moreover, it is well-settled that a removing defendant carries

the burden of establishing the requisite amount in controversy. Russ v. Unum Life Ins. Co., 442 F. Supp. 2d 193, 199 (D.N.J. 2006) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)). The Third Circuit has cautioned that § 1441 must be strictly construed against removal "so that the Congressional intent to restrict federal diversity jurisdiction is honored." Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004) (internal citations omitted). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand." Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985) (internal citations omitted); see also Steel Valley Authority v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) ("It is settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.") (citing Abels). Thus, a removing party must provide more than mere speculation or tenuous inferences about the amount in controversy to satisfy its burden. Russ v. Unum Life Ins. Co., 442 F. Supp. 2d 193, 198 (D.N.J. 2006) ("[M]ere speculation that a claim will exceed the jurisdictional amount is not enough to confer jurisdiction."); Valerio v. Mustabasic, Civ. No. 07-534, 2007 WL 2769636, *4 (D.N.J. Sept. 21, 2007). In other words, "if this Court

has to guess" at whether the jurisdictional threshold has been met, then the "defendant has not proved its point." Valerio, 2007 WL 2769636 at *4 (internal citations omitted).

Here, the amount in controversy is speculative at best, given Plaintiffs' unspecified damages and her fact-bare state court complaint. The Plaintiff's bare complaint, lack of Statement of Damages and refusal to stipulate does not suffice to prove that this court has jurisdiction. See Martin, 709 F. Supp. at 350 ("The Court should not be rendered powerless to question whether virtually any simple negligence claim satisfies the amount-in-controversy requirement because a plaintiff's mere assertion of injury creates some possibility that his recovery might exceed the jurisdictional minimum.").

ACCORDINGLY, IT IS on this, the **23rd** day of **October 2013**, hereby **ORDERED** that this case shall be **REMANDED** to the Superior Court of New Jersey, Burlington County; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this file in this matter.

>
> s/Renée Marie Bumb
> RENÉE MARIE BUMB
> UNITED STATES DISTRICT JUDGE